# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cindy Welch,<br><br>               Plaintiff,<br><br>v.<br><br>CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc., and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,<br><br>               Defendants. | Civil No. 13-1388 (JRT/AJB)<br><br>**REPORT AND RECOMMENDATION<br>ON DEFENDANTS'<br>MOTION TO DISMISS** |

      This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on a Motion to Dismiss by Defendants CitiMortgage, Inc. ("CitiMortgage"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc. ("Merscorp") (together, "Defendants"). (Docket No. 10.) The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.1(b). The Court took the matter under advisement on the papers submitted on August 7, 2013.

      Plaintiff Cindy Welch seeks to invalidate the foreclosure of the mortgage on her home. Plaintiff asserts three claims: (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons below, the Court recommends that Defendants'[1] Motion to Dismiss be granted and Plaintiff's claims be dismissed.

---

[1]     Plaintiff also purports to bring claims against "all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." "There are no factual allegations sufficient to identify these unnamed defendants or state a claim against them, and all claims against them will be dismissed." *Sonsalla v. Mortgage Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825, at *1 (citing *Estate of Rosenberg ex rel.*

**FACTUAL BACKGROUND**

Plaintiff resides in and is in possession of real property located in Coon Rapids, Minnesota. (Compl. ¶ 1.) Plaintiff acquired her interest in the property via warranty deed in 1997. (*Id.* at ¶ 2.) On July 19, 2007, Plaintiff executed and delivered a $120,400 promissory note to lender Fieldstone Mortgage Company ("Fieldstone"). (*Id.* at ¶ 6; Docket No. 13, Declaration of Kelly Hoversten, Ex. A.) The promissory note was secured by a mortgage Plaintiff executed in favor of Fieldstone, and the mortgage named MERS as mortgagee, in a nominee capacity, for Fieldstone and Fieldstone's successors and assigns. (Compl. ¶ 6, Ex. 1.) The Complaint contains no express allegation that Plaintiff has defaulted on the promissory note, but the allegations in the Complaint and documents attached thereto regarding foreclosure proceedings indicate that Plaintiff defaulted on the note by 2010. (*See* Compl. ¶¶ 16, 18, 22, Exs. 3-5.)

On June 9, 2010, MERS, as nominee for Fieldstone, assigned Plaintiff's mortgage to CitiMortgage. (Compl. ¶ 8, Ex. 2.) The assignment was recorded on June 18, 2010. (*Id.*) Scott Scheiner executed the assignment of mortgage on behalf of MERS. (*Id.*) Plaintiff alleges that Scheiner did not have legal authority to execute the assignment because he was actually an employee of CitiMortgage and there is no recorded power authorizing him to execute documents on behalf of MERS. (*Id.* at ¶ 9.)

Plaintiff alleges that CitiBank, CitiMortgage's parent company, securitized her loan into a trust. (Compl. ¶ 10.) Plaintiff alleges that she "has been unable to locate the specific Agreements for this Trust," but that because there is little variation in the securitization process, she is "reasonable to assert" that the securitization trust agreement required numerous

---

*Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

assignments of mortgage to be prepared and delivered to and from various entities. (*Id.* at ¶¶ 10-12.) Plaintiff alleges that none of these purported required assignments were recorded, in violation of Minn. Stat. § 580.02. (*Id.* at ¶ 12.)

On June 14, 2010, CitiMortgage, through the law firm Usset, Weingarden & Liebo ("Usset"), drafted and recorded a Notice of Pendency and Power of Attorney to Foreclose Mortgage ("June 2010 POA"), executed by Brain Liebo, attorney at Usset, as attorney-in-fact for CitiMortgage. (Compl. ¶ 16, Ex. 3.) Plaintiff alleges that Liebo did not have legal authority to execute the June 2010 POA because CitiMortgage "had transferred the power of sale to CitiBank in the securitization of the subject mortgage" and because there was not a recorded power of attorney empowering Usset as CitiMortgage's attorney-in-fact. (*Id.* at ¶ 17.)

On January 6, 2011, CitiMortgage, through the law firm Shapiro & Zielke ("Shapiro"), drafted and recorded a Notice of Pendency and Power of Attorney ("January 2011 POA"). (Compl. ¶ 18, Ex. 4.) Michael McDevitt, Assistant Vice President for CitiMortgage, executed the January 2011 POA. (*Id.*) Plaintiff alleges that McDevitt did not have legal authority to execute the January 2011 POA because CitiMortgage "had transferred the power of sale to CitiBank in the securitization of the subject mortgage." (*Id.* at ¶ 19.) Shapiro completed foreclosure by advertisement proceedings and a sheriff's sale was held on March 4, 2011, at which CitiMortgage purchased the property for $145,358.08. (*Id.* at ¶ 22, Ex. 5.) Plaintiff alleges that CitiMortage "did not have the legal right to exercise the power of sale in the mortgage because of the unrecorded assignments of mortgage." (*Id.*) The Sheriff's Certificate of Sale was recorded on March 7, 2011. (*Id.* at Ex. 5.) Plaintiff's six-month statutory redemption period expired on September 4, 2011. (*Id.*) Plaintiff did not redeem the property.

## PROCEDURAL BACKGROUND

On April 18, 2011, Welch and 20 other plaintiffs filed a complaint in Minnesota state court, Hennepin County, captioned *Jaakola v. CitiMortgage, Inc.* The defendants removed the case to federal court (Civ. No. 11-1272), after which the plaintiffs filed a notice of voluntary dismissal on July 28, 2011 and the court entered an order for dismissal without prejudice on July 29, 2011. Welch and other plaintiffs immediately re-filed the case again in Minnesota state court, Hennepin County, this time captioned *Peterson v. CitiMortgage, Inc.* The defendants removed *Peterson* to this court on August 18, 2011 (Civ. No. 11-2385).

In *Peterson*, Welch and the other plaintiffs sued CitiMortgage, MERS, Merscorp, and the Usset law firm, among other defendants. Like in this action, the *Peterson* plaintiffs challenged the foreclosure on their homes, alleging that the foreclosures were invalid due to defects in the defendants' title, among other things. "The essence of the [*Peterson*] Complaint [was] Plaintiffs' claim that Defendants do not have valid title to the original notes for their mortgages and therefore cannot legally foreclose on their mortgages." *Peterson*, Civ. No. 11-2385, 2012 WL 1971138, at *2 (D. Minn. June 1, 2012), *aff'd*, 704 F.3d 548 (8th Cir. 2013). The *Peterson* Complaint included allegations regarding the securitization of the notes and pooling and service agreements and contained 21 counts, 19 of which were asserted against CitiMortgage, MERS, Merscorp, and/or the Usset law firm. The *Peterson* case was dismissed with prejudice and judgment was entered; the Eighth Circuit affirmed the dismissal and entered judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). It must not, however, give effect to conclusory allegations of law. *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

## ANALYSIS

**I.  PRECLUSION**

Res judicata, or claim preclusion, "is a doctrine that treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" *Butler v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 12-2697, 2013 WL 2145701, at *5 (D. Minn. May 15, 2013) (internal citation omitted). "[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been

offered for that purpose." *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948) (quotation omitted). "Res judicata operates to bar subsequent litigation when '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter.'" *Sonsalla v. Mortgage Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (quoting *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 966 (8th Cir. 2010)). Parties may not relitigate issues that "'were actually litigated or which **could** have been litigated' in the first action so long as the party against whom the earlier decision is being asserted had a 'full and fair opportunity' to litigate the issue." *Id.* (quoting *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983) (emphasis in original)); *see also Dorso Trailer Sales, Inc. v. Am. Body & Trailer, Inc.*, 482 N.W.2d 771, 774 (Minn. 1992).

Here, res judicata operates to bar Plaintiff's claims. First, there is no dispute that the same parties in the present case were involved in *Peterson*. Second, final judgment was entered in *Peterson* and the dismissal with prejudice for failure to state a claim in *Peterson* was a dismissal on the merits. *See Sonsalla*, 2013 WL 4052825, at *2 (citing *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510 (8th Cir. 2012)).

Third, the *Peterson* claims involved the same set of factual circumstances. Plaintiff argues that the facts of the two cases are not the same because she did not litigate securitization, trust requirements, missing assignments of mortgage, and lack of authority in *Peterson*. As discussed above, the *Peterson* plaintiffs did challenge the validity of their foreclosures based on the securitization of the loans. The challenges to the foreclosure here are similar to those in *Peterson* and could have been raised in *Peterson*. Plaintiff was "required to assert all alternative

6

theories of recovery in the initial action." *Sonsalla*, 2013 WL 4052825, at *2 (quoting *Dorso*, 482 N.W.2d at 774). Regardless of whether *Peterson* raised the issues of missing assignments of mortgage or lack of authority to execute documents, the issue in *Peterson* was whether CitiMortgage properly foreclosed on Plaintiff's mortgage. *See Welk v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 12-2896, 2013 WL 2155463, at *5 (D. Minn. May 17, 2013). Plaintiff's challenge to the foreclosure here presents the same issue. *Id.*

Finally, Plaintiff had a full and fair opportunity to litigate the matter. Plaintiff argues that she did not previously have a full and fair opportunity to litigate the issues because the court's order dismissing the *Peterson* case did not address whether CitiMortgage had title to Plaintiff's property. However, "[d]ismissal of the [*Peterson*] complaint because of its failure to satisfy the pleading standards of Rules 8 and 12 did not deprive [Welch] of a full and fair opportunity to litigate. *Sonsalla*, 2013 WL 4052825, at *2 (citing *Richter v. Fed. Nat'l Mortgage Ass'n*, No. 13-475, 2013 WL 3223377, at *6 (D. Minn. June 25, 2013)). The full and fair opportunity element "is satisfied unless there were 'significant procedural limitations in the prior proceedings,' the party did not have the incentive to fully litigate, or 'effective litigation was limited by the nature or relationship of the parties.'" *Richter*, 2013 WL 3223377, at *6 (quoting *State v. Joseph*, 636 N.W.2d 322, 328, (Minn. 2001)). "None of these reasons, nor any other, prevented [Welch] from fully litigating her first case." *Sonsalla*, 2013 WL 4052825, at *2. "Even if [Welch's] counsel did not identify the [allegedly new legal theories] until after *Peterson* concluded, she had a full and fair opportunity to raise [the issues] but failed to do so." *Id.* (citing *Dorso*, 482 N.W.2d at 774.) Accordingly, res judicata bars Welch from bringing this action.[2] *See, e.g.*, *Sonsalla*, 2013 WL 4052825, at *2; *Richter*, 2013 WL 3223377, at *6-7; *Pope v. Fed.*

---

[2] Because res judicata warrants dismissal with prejudice of this case, the Court will not address collateral estoppel/issue preclusion. *See, e.g.*, *Richter*, 2013 WL 3223377, at *7.

7

*Home Loan Mortgage Corp.*, Civ. No. 12-3094, 2013 WL 2251001, at *5-6 (D. Minn. May 22, 2013); *Welk*, 2013 WL 2155463, at *5; *Butler*, 2013 WL 2145701, at *5.

## II. MERITS OF PLAINTIFF'S CLAIMS

Even if Plaintiff's claims were not barred by res judicata, dismissal would still be appropriate. Plaintiff's allegations regarding alleged unrecorded assignments prior to the foreclosure, purportedly due to a securitization of the mortgage by CitiBank, are based "upon information and belief" and are merely conclusory assertions without any factual allegations to support them. Such conclusory allegations are insufficient to satisfy the *Twombly/Iqbal* standard or Rule 8. *See e.g.*, *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013); *Ko v. Mortgage Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); *Lara v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 13-676, 2013 WL 3088728, at *3 (D. Minn. June 18, 2013). Similarly, Plaintiff's allegations regarding alleged lack of authority to sign documents fail for the same reasons. *See e.g.*, *Karnatcheva*, 704 F.3d at 548; *Ko*, 2013 WL 3088728, at *2; *Lara*, 2013 WL 3088728, at *3. Further, Plaintiff lacks standing to challenge defendants' compliance with the purported trust agreements and the alleged lack of authority. *See, e.g.*, *Pope*, 2013 WL 2251001, at *3. Plaintiff's slander of title claim fails for the additional reason that Plaintiff has unclean hands to seek equity, having defaulted on her mortgage loan by failing to make promised payments. *See, e.g.*, *Stilp v. HSBC Bank USA, N.A.*, Civ. No. 12-3098, 2013 WL 1175025, at *4 (D. Minn. March 20, 2013), *aff'd*, 2013 WL 5340399 (8th Cir. Sept. 25, 2013); *Novak v. JPMorgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 U.S. Dist. LEXIS 119382, at *9-12 (D. Minn. Aug. 23, 2012), *aff'd*, 518 Fed. Appx. 498 (8th Cir. 2013); *Haubrich v. U.S. Bank, N.A.*, Civ. No. 12-565, 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012), *aff'd*, 720 F.3d 979 (8th Cir. 2013).

For the same reasons, then, the declaratory judgment claim must fail. *See Ko*, 2013 WL 3088728, at *3. "A claim for declaratory judgment must be supported by a substantive legal right." *Lara*, 2013 WL 3088728, at *3 (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

Plaintiff also has not adequately pleaded the elements of a slander of title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims). *See also Ko*, 2013 WL 3088728, at *4; *Pope*, 2012 WL 2251001, at *4; *Haubrich*, 2012 WL 3612023, at *6.

For all these reasons, the Court recommends that the Complaint be dismissed.

## RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 10) be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE**.

Dated:   November 4, 2013                             s/ Arthur J. Boylan
                                                     Chief Magistrate Judge Arthur J. Boylan
                                                     United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  November 18, 2013.