**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CINDY WELCH, | Civil No. 13-1388 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| CITIMORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP HOLDINGS, INC., and *all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein*, | |
| Defendants. | |

Cindy Welch, 10000 Palm Street N.W., Coon Rapids, MN  55433, *pro se*.[1]

John L. Krenn and Kelly W. Hoversten, **GRAY PLANT MOOTY MOOTY& BENNETT, PA**, 80 South Eighth Street, Suite 500, Minneapolis, MN   55402; and Lucia Nale, Maritoni D. Kane, and Thomas V. Panoff, **MAYER BROWN, LLP**, 71 South Wacker Drive, Chicago, IL  60606, for defendants.

This case is one of more than seventy cases in this district where the plaintiff is represented by William B. Butler – in each, the plaintiffs challenge the validity, assignment, or foreclosure of their mortgage in an attempt to prevent or frustrate

---

[1] William B. Butler was suspended from the practice of law effective December 26, 2013. (Order, Miscellaneous Case No. 13-49, Jan. 14, 2014, Docket No. 10.)  As a result, the Court ordered Plaintiff Cindy Welch to either have new counsel enter an appearance on her behalf or file a statement with the Court indicating an intent to proceed pro se by February 19, 2014. (Order, Jan. 29, 2014, Docket No. 29.)  On February 18, 2014, Welch filed a statement indicating that "at this time [she is] representing [her]self and currently seeking new counsel."  (Statement, Feb. 18, 2014, Docket No. 30.)

foreclosure. Indeed, this is not the first case before the Court where a plaintiff is represented by William B. Butler and asserting these same legal challenges to personal mortgages. *See, e.g.*, *Sonsalla v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825 (D. Minn. Aug. 9, 2013).

Plaintiff Cindy Welch brings this action for a determination of adverse claims under Minn. Stat. § 559.01, declaratory judgment, and slander of title, against defendants CitiMortgage, Inc. ("CitiMortgage"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP Holdings, Inc. (collectively, "Defendants"). Defendants move to dismiss all claims, arguing, among other things, that res judicata bars Welch's claims. United States Magistrate Judge Arthur Boylan issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss and dismiss Welch's claims with prejudice, and Welch objects. Because it finds that Welch's claims are barred by res judicata, the Court will overrule Welch's objections, adopt the R&R, and dismiss all claims with prejudice.

**BACKGROUND**

Welch purchased the property located at 10000 Palm Street NW, Coon Rapids, MN (the "Property") and executed a promissory note for the Property secured by a mortgage in 2007. (Notice of Removal, Ex. 1 ("Compl.") ¶ 6, June 7, 2013, Doc. No. 1.) Welch executed the mortgage in favor of MERS, and MERS subsequently assigned the mortgage to CitiMortgage. (*Id.* ¶¶ 6, 8.) CitiMortgage began foreclosure proceedings on the Property and ultimately conducted a Sheriff's sale on March 4, 2011. (*Id.* ¶¶ 16-19, 22.)

Welch initially challenged the foreclosure of her mortgage along with more than thirty other plaintiffs in two separate actions in Minnesota state court, *Jaakola v. CitiMortgage*, and *Peterson v. CitiMortgage*, both of which were removed to federal court. *See Peterson v. CitiMortgage, Inc.*, Civ. No. 11-2385, 2012 WL 1971138, at *1 (D. Minn. June 1, 2012) (noting procedural history of both *Peterson* and *Jaakola*). *Jaakola* was brought first, but the plaintiffs voluntarily dismissed the action and re-filed a complaint with substantially similar claims, which became the *Peterson* case. (*Compare* Civ. No. 11-2385, Notice of Removal, Exs. 1-2, Aug. 18, 2011, Docket No. 1, with Civ. No. 11-1272, Notice of Removal, Exs. 1-2, May 16, 2011, Docket No. 1.) Welch and the other plaintiffs brought the *Peterson* action against two of the defendants in this action – CitiMortgage and MERS – and several other defendants, including MERSCORP, Inc.[2] *Id.* In *Peterson*, as in the present case, Welch challenged the validity of the foreclosure of her home. (Compare *id.* at * 1-2 (outlining claims), with Compl. ¶¶ 30-46.) The *Peterson* plaintiffs alleged that their mortgages had been invalidly transferred or assigned to the defendants and asserted that the defendants were neither in possession of nor otherwise authorized or entitled to enforce the original notes, although no plaintiffs claimed to be current on their loans. *Peterson*, 2012 WL 1971138 at *1-*3. Specifically, Welch, along with the other *Peterson* plaintiffs, alleged that the foreclosure on her home was invalid due to defects in the defendants' title, and she sought declaratory judgment

---

[2] MERSCORP, Inc., a defendant in *Peterson* but not here, was alleged in *Peterson* to be the "record keeper and record custodian" for MERS. (Civ. No. 11-2385, Notice of Removal, Ex. 1 ¶ 27.) MERSCORP Holdings, Inc., a defendant here but not in *Peterson*, is alleged to be the "parent company of MERS." (Compl. ¶ 5.)

and brought claims of quiet title, conversion, unjust enrichment, civil conspiracy, breach of fiduciary duty, fraud, negligent misrepresentation, slander of title, and violation of due process. *Id.* at *2.

The *Peterson* court rejected the argument that the defendants did not own the note for the plaintiffs' mortgages and thus could not foreclose on their mortgages, relying on recent, explicit rejections of this legal theory by the Eighth Circuit and the Minnesota Supreme Court. *Id.* at *4 (quoting *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500 (Minn. 2009); *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 980 (8th Cir. 2011)). The court found no legal merit in any of the numerous claims and dismissed all claims. *Peterson*, 2012 WL 1971138 at *4-*5. The Eighth Circuit affirmed the dismissal, *see Peterson v. CitiMortgage, Inc.*, 704 F.3d 548 (8th Cir. 2013), and Welch did not petition for certiorari to the Supreme Court.

Welch now brings this action for quiet title, declaratory judgment, and slander of title. Welch challenges the mortgage and foreclosure process on her home, claiming that all assignments were invalid because the employee of MERS who executed the assignment did not have the legal authority to do so and "was actually an employee of CitiMortgage." (Compl. ¶¶ 8-9.) Welch also alleges that the individuals who executed the subsequent assignments of the mortgage lacked the authority to do so. (*Id.* ¶¶ 9, 17, 19.) Because of these defects, Welch contends that the foreclosure sale on her home is void. (*Id.* ¶ 30.)

Defendants move to dismiss all claims, arguing that res judicata and collateral estoppel bar Welch's claims, that the claims are unsupported by any substantive facts,

and that each count fails as a matter of law. The Magistrate Judge issued an R&R recommending that the Court grant Defendants' motion and dismiss Welch's claims with prejudice as barred by res judicata because they were previously litigated in *Peterson*. Welch objects to the R&R, raising two specific objections to the R&R's conclusion that her claims are barred by res judicata.[3] (Objection, Nov. 19, 2013, Docket No. 25.) First, she argues that she did not have "a 'full and fair opportunity' to litigate her claims in [the] prior case" because the *Peterson* court "committed the same errors as are present in Magistrate Boylan's R&R." (*Id.* at 4.) Second, she argues the R&R and the *Peterson* decision do not address the fact that MERS now requires its members to foreclose in the name of or at the express direction of the note owner, a change which occurred four months after the *Jaakola* complaint. (*Id.* at 4-5.) After *de novo* review, the Court concludes that none of these objections rescue Welch's claims from the res judicata bar, and will adopt the R&R and dismiss Welch's claims with prejudice.[4]

---

[3] Welch filed her objections fifteen days after the R&R was issued, which is not within the fourteen-day deadline for such objections. *See* D. Minn. LR 72.2(b)(1) (objections must be filed within fourteen days). Although Welch's failure to timely object to the R&R is an independently sufficient basis upon which to overrule her objections, the Court will nevertheless consider her objections. *Cf. Jackson v. U.S. Dep't of Justice*, Civ. No. 09-846, 2010 WL 889884, at *1 (D. Minn. Mar. 8, 2010).

[4] In her objections, Welch raises several arguments regarding issues not addressed in or relied upon by the R&R, including arguments regarding the burden of proof and whether Welch defaulted on the note. (Objection at 2-3.) Because the Court concludes, upon *de novo* review, that the R&R appropriately concluded that all claims are barred by res judicata, the Court need not consider Welch's objections that are not related to the issue of res judicata.

# ANALYSIS

## I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## II. RES JUDICATA

"The law of the forum that rendered the first judgment controls . . . res judicata analysis." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal quotation marks omitted). Under Minnesota law, res judicata operates to bar subsequent litigation when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Minch Family LLLP v. Buffalo–Red River Watershed Dist.*, 628 F.3d 960, 966 (8th Cir. 2010) (citing *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)). The first factor is satisfied if the subsequent claim arises out of "the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Electronic, Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (internal quotation marks omitted); *see also Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) ( "Regarding the 'same claims or causes of action' element of claim preclusion, we have stated that whether a second lawsuit is precluded turns on whether its

claims arise out of the 'same nucleus of operative facts as the prior claim.'") (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994)).  Res judicata "bars the relitigation of issues which were actually litigated or which **could** have been litigated" in the first action so long as the party against whom the earlier decision is being asserted had a "full and fair opportunity to litigate the issue."  *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983) (emphasis in original) (internal quotation marks omitted); *see State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001).

Here, Welch was a party in two previous lawsuits involving her mortgage foreclosure, the second of which was dismissed with prejudice because the court found the claims had no merit.  *See Peterson*, 2012 WL 1971138 at *1, *5  (noting history of *Jaakola* case and dismissing the asserted claims with prejudice).  The Court concludes that the *Peterson* case operates as a res judicata bar to Welch's claims in the instant case because all four requirements of res judicata are satisfied and that Welch's objections do not alter this analysis.

There is no dispute that the first, second and third requirements of res judicata are satisfied.  (*See* Objections at 4 (objecting only to the R&R's finding of a full and fair opportunity to litigate).)  The operative facts in *Peterson* surrounded the note and mortgage on Welch's house, the assignment of the mortgage, and the foreclosure proceedings – the same operative facts relevant to this claim; *Peterson* included the same

parties involved in this dispute;[5] and it was a final judgment on the merits. *Peterson*, 2012 WL 1971138, *aff'd*, 704 F.3d 548 (8th Cir. 2013) (no petition for cert. filed).

With regard to the fourth factor, the Court concludes that Welch had a full and fair opportunity to litigate these claims. Determination of a full and fair opportunity focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties. *Joseph*, 636 N.W.2d at 328. Welch makes no argument that any of these factors indicate that she did not have a full and fair opportunity to litigate the instance claims. Instead, Welch alleges she was denied a full and fair opportunity in *Peterson* because the *Peterson* court "committed the same errors as are present in Magistrate Boylan's R&R." (Objections at 4.) "[A] litigant's disagreement with a legal ruling does not necessarily mean that the court denied the litigant a full and fair opportunity to litigate a matter." *See Joseph*, 636 N.W.2d at 329. Welch's recourse to a holding she believes is incorrect is an appeal, not a subsequent action where she asserts she was denied a full and fair hearing because her legal theory was rejected. *Id.*

Welch's other arguments are similarly ineffective. Welch insists CitiMortgage's "unsafe and unsound foreclosure practices" and MERS' new requirement of its members

---

[5] Although one defendant here – MERSCORP Holdings, Inc. – was not party to the *Peterson* case, it is sufficiently aligned with the defendants in *Peterson*, particularly MERS and MERSCORP, Inc., to satisfy the privity requirement for this prong. *Cf. Nelson v. Wells Fargo Bank Minn., Nat'l Ass'n*, Civ. No. 13-2246, 2014 WL 538686, at *3 (D. Minn. Feb. 11, 2014) (in similar mortgage case, where plaintiff alleged Wells Fargo had been improperly assigned the mortgage before improperly assigning it to CitiMortgage, which foreclosed upon the mortgage, "Wells Fargo's interests with respect to validity of the mortgage are aligned with those of CitiMortgage and those defendants therefore satisfy the privity requirement").

to foreclose in the name of or at the express direction of the note owner indicate MERS' and CitiMortgage's guilt and should have been considered in the *Peterson* decision and in the R&R.  (Objections at 4-5.)  However, this argument again alleges that errors were made in *Peterson*, which does not bear on whether Welch received a full and fair opportunity to litigate her claims.  *See Joseph*, 636 N.W.2d at 329.[6]

Because *Peterson* involved the same set of factual circumstances and parties, there was a final judgment on the merits, and Welch had a full and fair opportunity to litigate the matter, res judicata now bars her from asserting all claims that could have been litigated in the first action.  *See, e.g*, *Lovell*, 719 F.2d at 1376; *Joseph*, 636 N.W.2d at 327.  Thus, the Court will grant Defendants' motion to dismiss Welch's claims.[7]

---

[6] Even if this argument were not barred by res judicata, it likely would fail.  Welch's argument, in essence, is that Defendants agreed to and admitted to undertaking subsequent remedial measures by making a policy change so that foreclosures are made in the name of the "note owner" after the *Jaakola* lawsuit was commenced.  (*See* Objection at 4.)  However, evidence of any such measures would not likely be admissible to prove any liability by Defendants' for Welch's claims.  *See* Fed. R. Evid. 407 (barring use of any subsequent remedial measures that would have made a prior injury or harm less likely to occur in order to prove liability for negligence and culpable conduct).

[7] Even if the Court were to address the merits of Welch's claims, those claims are nearly identical to claims that have repeatedly failed in this district, as the court in *Peterson* observed:

> Plaintiffs' theory has been rejected by every court to consider it, including both the Eighth Circuit Court of Appeals and the Minnesota Supreme Court.  Plaintiffs' counsel has brought more than 30 similar lawsuits in this District, all alleging that defendant lending institutions had no right to foreclose on mortgages because those lenders purportedly do not hold the original notes.  Every Judge in this District to have ruled on the merits of these cases has dismissed them.  *E.g.*, *Olson v. Bank of Am.*, Civ. No. 11–3710 (D. Minn. Apr. 20, 2012) (Magnuson, J.); *Dunbar v. Wells Fargo Bank, N.A.*, Civ. No. 11–3683, 2012 WL 1110161 (D. Minn. Apr. 3, 2012) (Doty, J.); *Welk v. GMAC Mortg., LLC*, Civ. No. 11–2676, 2012 WL 1035433 (D. Minn. Mar. 29, 2012) (Schiltz, J.); *Jerde v. JP Morgan Chase*, Civ. No. 11–2666 (D. Minn.) (Magnuson, J.) (Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civ.

(Footnote continued on next page.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 25] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated November 4, 2013 [Docket No. 23]. Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss [Docket No. 10] is **GRANTED** and Plaintiff's claims are **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 18, 2014            _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                         United States District Judge

---

(Footnote continued.)

No. 11–2750, 2012 WL 104543 (D. Minn. Jan. 12, 2012) (Montgomery, J.); *Larsen v. Bank of Am.*, Civ. No. 11–1775, 2011 WL 6065426 (D. Minn. July 21, 2011) (Davis, C.J.); *Butler v. Bank of America, N.A.*, Civ. No. 11–461, 2011 WL 2728321 (D. Minn. July 13, 2011) (Frank, J.).

*Peterson*, 2012 WL 1971138 at *2 (footnote omitted).